UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES EX REL KARL GOODEN,

                Petitioner,

  -against-                                    **MEMORANDUM AND ORDER**
                                                        24-CV-00512 (OEM)

SUPERINTENDENT A. TITUS, Orleans
Correctional Facility,

                Respondent.
----------------------------------------------------------x
ORELIA E. MERCHANT, United States District Judge:

Petitioner Karl Gooden ("Petitioner"), who was incarcerated at the Orleans Correctional Facility[1], filed the instant pro se petition styled as a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Western District of New York ("Western District"). Petition ("Pet."), ECF 1. On January 23, 2024, the Western District transferred the

---

[1] Based on the New York State Department of Corrections and Community Supervision website, Petitioner was released from incarceration and placed on parole supervision on December 18, 2024. Despite Petitioner's release from incarceration, "[a] habeas petition is generally not moot so long as the petitioner continues to be held in the custody that he alleges is unlawful." *Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 319 (2d Cir. 2020) (citing *Dhinsa v. Krueger*, 917 F.3d 70, 77 n.5 (2d Cir. 2019)). The custody that petitioner is held in that he alleges is unlawful could relate to "experiencing direct physical custody (e.g., incarceration)," or could instead relate to other "restraints on [] liberty, such as parole." *See id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)) ("An incarcerated [person's] (or a parolee's) challenge to the validity of his conviction *always satisfies* the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." (emphasis added)); *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (habeas petition was not mooted by petitioner's release on parole because "[w]hile petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom"). A case is "moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (citation and quotation marks omitted). Therefore, the Court issues this opinion in response to Plaintiff's petition.

action to this Court. Order transferring case, ECF 5. Petitioner's request to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 was granted on January 26, 2024.

For the following reasons, the Court construes this petition, although brought under Section 2241, as a second or successive petition for relief under 28 U.S.C. § 2254. As such, the Court cannot consider the instant petition and transfers it to the United States Court of Appeals for the Second Circuit ("Second Circuit") under to 28 U.S.C. § 1631.

## BACKGROUND

In 1986, Petitioner was convicted on two counts of Murder in the Second Degree in violation of N.Y. Penal Law §§ 125.25(1) and 125.25(3) and one count of Criminal Possession of a Weapon in the First Degree in violation of N.Y. Penal Law § 265.03. Pet. at 2-3.

Petitioner previously filed a petition under Section 2254 challenging his state conviction, which the Court denied on August 12, 2019. *See Gooden v. Crowley*, 16-CV-4773 (WFK), 2019 WL 13499952, at *1 (E.D.N.Y. Aug. 12, 2019) (dismissing the petition for the writ of habeas corpus as time-barred.). Petitioner appealed. The Second Circuit dismissed the appeal finding that Petitioner had not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling as to the untimeliness of [Petitioner's] 28 U.S.C. § 2254 petition." *See* Mandate, *Gooden v. Crowley*, 19-3046 (2d Cir. May 7, 2020), ECF 47; *see also* Mandate, 16-CV-4773, ECF 20.

Petitioner sought leave from the Second Circuit to file a successive Section 2254 petition. On November 7, 2024, the Second Circuit denied Petitioner's request, finding that Petitioner: (a) had not made a showing that his claims relied on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," citing 28

U.S.C. § 2244(b)(2)(A); (b) had not made a showing that "the facts underlying the claim[s], if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty" of the underlying offense, citing 28 U.S.C. § 2244(b)(2)(B)(ii); and (c) had failed to state a claim for actual innocence. *See* Mandate, 16-CV-4773, ECF 28.

In the instant petition, Petitioner challenges his 1986 Kings County conviction. Pet. at 2-3. Petitioner argues that his incarceration violates his rights under the Fifth and Fourteenth Amendments to the Constitution. *Id*.

## DISCUSSION

As a threshold matter, the Court must determine whether Section 2241 is the proper vehicle for the instant petition, or if it is more appropriately filed as a petition for a writ of habeas corpus under Section 2254. The Second Circuit has held, "[t]he fact that [Petitioner] invoked section 2241 [does] not, however, require the district court to treat it as a section 2241 petition. To the contrary, if an application that should have been brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277 (2d Cir. 2003) (citing *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)). The substance of the petition and the relief sought determine whether a petition for writ of habeas corpus should be considered under Section 2241 or Section 2254. *Id.* at 278.

Section 2254 allows "a person in custody pursuant to the judgment of a State court" to seek relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). On the other hand, Section 2241 allows an incarcerated

person to challenge the "*execution* of [his] sentence," *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (emphasis in original), such as decisions to deny parole or conditions of confinement, *see, e.g.*, *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) ("To challenge 'the *execution* of a sentence,' including challenges to disciplinary actions, prison conditions, or parole decisions, . . . an application under 28 U.S.C. § 2241 provides the 'proper means.'") (quoting *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)).

Petitioner was incarcerated under a state court judgment and appears to continue to be under parole supervision. He alleges that his custodial sentence violates his Fifth and Fourteenth Amendment rights and appears to seek release from custody.[2] Therefore, Section 2254 is the proper vehicle for the relief Petitioner seeks—not Section 2241. *See* 28 U.S.C. § 2254(a); *see also Cook*, 321 F.3d at 278 (2d Cir. 2003); *Antrobus v. Warden of OBCC Rikers Island*, 24-CV-00155, 2024 WL 1468171, at *2 (E.D.N.Y. Mar. 19, 2024).

However, the instant petition under Section 2254 is successive. A Section 2254 petition is successive when a previous Section 2254 petition challenging the same conviction was adjudicated on the merits. This includes when the previous Section 2254 was dismissed as time-barred. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that dismissal of a § 2254 petition as untimely "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' under § 2244(b)"). A court may recharacterize a petition brought under Section 2241 as a successive petition under Section 2254 without providing Petitioner an opportunity to withdraw the submission. *Jiminian*, 245 F.3d at

---

[2] The Court assumes, for purposes of this petition, that Petitioner's request for release from custody applies to his parole supervision.

148; *Hizbullahankhamon v. Yehl*, 99-CV-05016, 2024 WL 4756346, at *1 (S.D.N.Y. Oct. 11, 2024).

Because Petitioner has previously challenged his conviction by filing a petition pursuant to 28 U.S.C. § 2254—which was denied on the merits as untimely—and the Second Circuit has previously denied Petitioner's request to file a successive petition, the Court finds that the instant petition is in fact as a second or successive Section 2254 petition. Before Petitioner may file a successive petition, he must move in the Second Circuit for authorization pursuant to 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so here.

## CONCLUSION

For the foregoing reasons, in the interest of justice, the Clerk of Court shall transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996). This Order closes this case. If the Second Circuit authorizes Petitioner to proceed in this matter, he shall move to reopen under this docket number.

Petitioner has failed to make a "substantial showing of the denial of a constitutional right," therefore, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to the Petitioner and to note service on the docket.

SO ORDERED.

Dated: March 5, 2025
       Brooklyn, New York

/s/
ORELIA E. MERCHANT
United States District Judge